## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff | |
| | Case No. |
| vs. | |
| CWS APARTMENT HOMES, LLC | CLASS ACTION COMPLAINT |
| Defendant. | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Stewart Abramson ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed calls, unless the caller has the "prior express written consent" of the called party.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

4.     Plaintiff alleges that Defendant CWS Apartment Homes, LLC ("CWS Apartment Homes") made an automated telephone call using equipment prohibited by the TCPA to send a text message that promoted its services without the Plaintiff's prior express written consent.

5.     Because the call to the Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

6.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7.     Plaintiff Stewart Abramson is a Pennsylvania resident, and a resident of this District.

8.     Defendant CWS Apartment Homes, LLC is a Delaware corporation with its principal place of business in Texas.

## Jurisdiction & Venue

9.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).  The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a national class, which will likely result in at least one Class member from a different state.

10.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the text message to the Plaintiff, and a number of putative class members reside in this District. Furthermore, venue is proper because a substantial part of property that is the subject of the action is situated in this District; the Plaintiff's cellular telephone.

## TCPA and Text Messaging Background

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).

14.     *Mims* explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394).  Accordingly, Congress found that:

> **Banning such automated or prerecorded telephone calls** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, **is the only effective means of protecting telephone consumers** from this nuisance and privacy invasion.

*Id.* at § 14 (emphasis added).

15.     Indeed, as the United States Supreme Court recently held in a different context, "Modern cell phones are not just another technological convenience.  With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'"  *Riley v. California*, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).

16.     In fact, the TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

17.     The TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service.  *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

18.     A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

19.     Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

20.     Many commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones.  Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

21.    A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

## Factual Allegations

22.    A text message is a "call" as that term is interpreted under the TCPA.

23.    As such, text messages are subject to the TCPA's enforcement provisions.

24.    CWS Apartment Homes uses telemarketing to promote its products.

25.    CWS Apartment Homes' telemarketing efforts include the use of automated dialing equipment to send text messages.

26.    On February 17, 2016, CWS Apartment Homes placed a telemarketing call to the Plaintiff's cellular telephone.

27.    That telemarketing call was a broadcast form text message, which stated:

"The Marq at Crabtree: Now offering up to 1 month free rent on brand new apartment homes! Offer expires Monday, Feb 29. Call (919) 238-3517 for details. Reply STOP to unsubscribe."

28.    Plaintiff has never done any business with CWS Apartment Homes and Plaintiff never provided CWS Apartment Homes with his cellular telephone number.

29.    The Caller ID for the text message stated, "34105".

30.    "34105" is an SMS Short Code, which is used for text message broadcasting to send out advertisements *en masse*.

31.    These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

32.     CWS Apartment Homes did not have the Plaintiff's prior express written consent to make this call.

33.     In fact, before filing this lawsuit, the Plaintiff wrote to CWS Apartment Homes asking if they had his prior express written consent to make the call, but CWS Apartment Homes did not provide any evidence of consent for Mr. Abramson.

**Class Action Statement Pursuant to LCvR 23**

34.     As authorized by Rule 23 of the Federal Rules of Civil Procedure and LCvR 23 of the Local Rules for the Western District of Pennsylvania, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

35.     The class of persons Plaintiff proposes to represent include:

All persons within the United States whom Defendant, directly or through any third parties, initiated a telephone call with the same or similar dialing system as was used to call plaintiff to a number registered as a cellular telephone line within four years before this Complaint was filed through the date of class certification.

36.     Excluded from the classes are the CWS Apartment Homes, any entities in which the CWS Apartment Homes has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

37.     The proposed class members are identifiable through phone records and phone number databases.

38.     The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

39.     Plaintiff is a member of the class.

40.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.     Whether the CWS Apartment Homes used an automatic telephone dialing system to make the calls at issue;

b.     Whether the CWS Apartment Homes placed telemarketing calls without obtaining the recipients' valid prior express written consent;

c.     Whether the CWS Apartment Homes' violations of the TCPA were negligent, willful, or knowing; and

d.     Whether the Plaintiff and the class members are entitled to statutory damages as a result of the CWS Apartment Homes' actions.

41.     Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system on a cellular telephone line.

42.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

43.     The actions of the CWS Apartment Homes are generally applicable to the class as a whole and to Plaintiff.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by CWS Apartment Homes and/or its agents.

45.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

46.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

47.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.     The Defendant violated the TCPA by initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number.

49.     The Defendant's violations were negligent, willful, or knowing.

### Count Two:
### Injunctive Relief

50.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.     The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

52.     The Plaintiff respectfully petitions this Court to order the CWS Apartment Homes, and its employees, agents and independent contractors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**Relief Sought**

For himself and all class members, Plaintiff requests the following relief:

1.      That the CWS Apartment Homes be restrained from engaging in future telemarketing in violation of the TCPA.

2.      That the CWS Apartment Homes, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

3.      That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure.

4.      That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,


Dated: April 5, 2016        By:   */s/ Clayton S. Morrow*
                        Clayton S. Morrow
                        Email: csm@consumerlaw365.com
                        Morrow & Artim, PC
                        304 Ross Street, 7th Floor
                        Pittsburgh, PA 15219
                        Telephone: (412) 209-0656

                        Edward A. Broderick
                        Email:  ted@broderick-law.com
                        Anthony Paronich
                        Email:  anthony@broderick-law.com
                        BRODERICK LAW, P.C.
                        99 High St., Suite 304
                        Boston, Massachusetts  02110
                        Telephone:  (617) 738-7080
                        *Subject to Pro Hac Vice*

                        Matthew P. McCue
                        Email:  mmccue@massattorneys.net
                        THE LAW OFFICE OF MATTHEW P. MCCUE
                        1 South Avenue, Suite 3
                        Natick, Massachusetts  01760
                        Telephone:  (508) 655-1415
                        *Subject to Pro Hac Vice*