FILED

17 JAN 13 PM 2:10

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CWS APARTMENT HOMES, LLC,<br><br>Defendant. | Case No. 1:16-cv-01215 |

### ORDER GRANTING PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER

Pending is the Unopposed Motion for Preliminary Approval of Stipulation and Agreement of Settlement, Conditional Class Certification, Notice to Class Members and Entry of Scheduling Order (the "Motion") of plaintiff Stewart Abramson ("Plaintiff"). For the reasons stated herein, the Court grants Plaintiff's Motion, conditionally certifies the class, preliminarily approves the Stipulation of Settlement, and enters the schedule set forth below for notice to Settlement Class Members, exclusion and opt-out deadlines, and for a final approval hearing.

WHEREAS, on January 5, 2017, the parties filed a Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and release of certain claims against CWS Apartment Homes, LLC ("CWS Apartment" or "Defendant"). The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable Morton Denlow (Ret.);

WHEREAS, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after Class Notice to the Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

NOW, THEREFORE, IT IS HEREBY ORDERED:

I.   **THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

1.   For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Class described below.

2.   Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Class is preliminarily certified, consisting of the following:

> All persons within the United States whom Defendant, directly or through any third parties, initiated a telephone call, as defined by the TCPA, with the same or similar dialing system as was used to call Plaintiff to a number registered as a cellular telephone from April 3, 2012 to December 13, 2016.
>
> The following are excluded from the Class: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) Plaintiff's Counsel and their employees.

3.   Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiff Stewart Abramson is hereby appointed Class Representative and the following counsel are hereby appointed as Class Counsel:

>Edward A. Broderick
>Anthony I. Paronich
>Broderick & Paronich, P.C.
>99 High Street, Suite 304
>Boston, MA 02110
>
>Matthew P. McCue
>The Law Office of Matthew P. McCue
>1 South Ave, Third Floor
>Natick, MA 01760

4.   The Court preliminarily finds that the proposed Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Settlement, that:

(a)   <u>Numerosity</u>:   The Class consists of approximately 455 members, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Class Members into one suit would be impracticable.

(b)   <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of CWS Apartment, common to the Class.

(c)   <u>Typicality</u>:   The claims of the Class Representative are typical of the claims of the Class he seeks to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d)   <u>Adequate Representation</u>:   The Class Representative's interests do not conflict with, and are co-extensive with, those of absent Class Members. The Class Representative will fairly and adequately represent the interests of the Class. Additionally, this

Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Class has been fully met.

(e) <u>Predominance of Common Issues</u>: The questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is ideally suited for treatment of the Settlement. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that (i) the Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6. The Class Representative is Stewart Abramson. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Morton Denlow (Ret.), the Court preliminarily finds that this designated Class Representative is appropriate for settlement purposes. The Court finds that the Class Representative is a member of the Class.

7.  If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Class shall be void, and Plaintiff and CWS Apartment shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## II.  THE COMMON FUND

8.  Pursuant to the Settlement Agreement, CWS Apartment shall deposit a total of three hundred and sixty-eight thousand, two hundred and twenty-five dollars ($368,225.00) into the Settlement Fund when this Settlement becomes Final, which Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel. All of the monies deposited by CWS Apartment into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund.

9.  This Settlement Fund will constitute CWS Apartment's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Stewart Abramson; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to one or more charitable organizations pursuant to the procedures described in Section IV of this Settlement Agreement. No portion of the Settlement Fund will be returned to CWS Apartment, unless the Settlement is terminated in accordance with the terms of the Settlement Agreement.

10. Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence

only after the Effective Date. The Attorneys' Fees, Costs, and Expenses; any Incentive Award; and Settlement Administration Costs shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

11. If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

12. The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The escrow account for the Settlement Fund is established pursuant to this Order and is subject to the continuing jurisdiction of this Court;

(b) The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c) The assets of the escrow account for the Settlement Fund are segregated from other assets of CWS Apartment, the transferors of the payment to the Settlement Fund.

13. Under the "relation back" rule provide under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The escrow account for the Settlement Fund met the requirements of paragraphs 13(a) and 13(b) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) CWS Apartment and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 13 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 13 of this Order are met. If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be treated as having been transferred to the escrow account for the Settlement Fund on that date.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

14. The Court has considered the proposed Exhibits B and C attached to the Settlement Agreement and finds that the forms, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects (including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith. The costs of disseminating the Class Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

15. All costs of providing the Class Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms of the Settlement Agreement.

16. The Court hereby approves the form, content and requirements of the Class Notices annexed to the Settlement Agreement as Exhibits B and C and the procedure for notice set forth under Section VII in the Settlement Agreement.

17. The Court hereby finds that compliance with the procedures in Section VII of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

## IV. REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

18. Settlement Class Members who wish to be excluded from Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than sixty (60) days after the entry of the Preliminary Approval Order, and shall clearly state the following: the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

## V. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

19. The Court appoints Kurtzman Carson Consultants as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Class Notice, as provided in Section VII of the Settlement Agreement; (b) obtaining complete address information for Class Members (where possible) and new addresses for returned mail; and (c) creating and maintaining a Settlement Website, from which Class Members can access copies of the Complaint, the Settlement Agreement, the Short Form Notice, the Long Form Notice, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Class Members and the Parties; (g) directing

the mailing of Benefit Checks to Class Members; (h) preparing and providing a declaration to Defendant's and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of this Settlement Agreement related to Class Notice and list each Class Member who timely and validly opted out of the Settlement; and (i) perform any other tasks reasonably required to effectuate the Settlement.

## VI.   FINAL APPROVAL HEARING AND SCHEDULE

20.   A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court no earlier than one hundred ten (110) days from the date of entry of the Preliminary Approval Order.

21.   The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court for the following purposes:

(a)   to determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)   to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)   to determine whether any objections to the Settlement should be overruled;

(d)   to determine whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Award to the Class Representative should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e)   to consider the distribution of the Settlement Fund pursuant to the Stipulation of Settlement; and

(f)   to rule upon such other matters as the Court may deem appropriate.

Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen days (14) before the Final Approval Hearing. The Final Approval Hearing

may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

22. No later than seven (7) calendar days prior to the Final Approval motion due date, the Settlement Administrator will file with the Court and serve both Class Counsel and Defendant's Counsel a declaration stating that the Class Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

23. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for Final Approval; (ii) any application for Attorneys' Fees and Costs; and (iii) any application for an Incentive Award to the Class Representative. For clarity, the deadlines the parties shall adhere to are as follows:

Class Notice Mailed by: _February 16_, 2017 (*within 30 days after entry of Preliminary Approval Order*)

Objection/Exclusion Deadline: _March 17_, 2017 (*60 days after entry of Preliminary Approval Order*)

Final Approval Submissions: _April 24_, 2017 (*14 days prior to Final Approval Hearing*)

Final Approval Hearing: _May 19_, 2017 (*at least 110 days after Preliminary Approval*)

24. Pending final determination of whether the Settlement should be approved, the Plaintiff and/or Defendant shall cooperate in seeking orders that no Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action which asserts Released Claims against the Defendant or other Released Parties.

25. If a Settlement Class Member wants to appear at the Final Approval Hearing and be heard with respect to objecting to the Settlement, that person or entity must file with the Court and serve on Class Counsel and Defendant's Counsel a written notice of the intention to appear at the Final Approval Hearing and object. Such written statement and notice must be filed with the Court and served on Class Counsel and Defendant's Counsel no more than ninety (90) days after entry of the Preliminary Approval Order. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If a Settlement Class Member hires an attorney to represent him or her, at the Settlement Class Member's own expense, that attorney must file a notice of appearance with the clerk of the Court and must serve copies on Class Counsel and Defendant's Counsel no more than ninety (90) days after entry of this Order.

26. Any discovery or other information sought regarding the Settlement Agreement, Settlement, this Motion, the Final Approval Order and Judgment, and any matters related thereto, by any Settlement Class Member, any counsel on behalf of any Settlement Class Member, or by any objector or counsel representing an objector shall be permitted. All other discovery and other pretrial proceedings in this Action are stayed and suspended until further order of the Court.

### VII. OTHER PROVISIONS

27. If the Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

28. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: *January 13*, 2016

                                                   */s/ Sam Sparks*
                                                 Sam Sparks
                                                 United States District Judge